

FILED
JAN 10 2007
JAN 10, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARNITA CLARK, | ) | **07CV179** |
| Plaintiff, | ) ) ) | **JUDGE MAROVICH** |
| | ) | **MAG. JUDGE ASHMAN** |
| v. | ) ) | COMPLAINT FOR VIOLATION |
| OAK FOREST HOSPITAL, | ) ) | OF CIVIL RIGHTS |
| | ) ) | **JURY DEMANDED** |
| Defendant. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12101 *et seq.*. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1343 and 1331.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, Arnita Clark, has fully complied with the procedural requirements of the ADA. She filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4. At all times herein mentioned, Plaintiff, Arnita Clark (hereinafter "Clark" or "Plaintiff"), was employed by the Defendant, Oak Forest Hospital.

5. At all times herein mentioned, Defendant, Oak Forest Hospital, was and is believed and alleged hereon to be owned and operated by Cook County and operating

within the jurisdiction of this Court. Oak Forest Hospital is also an employer subject to suit under the ADA in that this Defendant has 15 or more employees for each working day of 20 or more calendar weeks in the year of and preceding the filing of this Complaint.

## FACTUAL ALLEGATIONS

6. Plaintiff was hired by Defendant on or about October 10, 1978.

7. In or around 1987, Plaintiff was transferred to Robbins Clinic, owned and operated by the Defendant.

8. In or around 2002, Plaintiff became permanently disabled in that she is substantially limited in her ability to walk, squat, climb, stand for prolonged periods of time, bend, kneel, and lift heavy objects.

9. On or about August 16, 2003, Plaintiff was returned to work by her medical provider with medical restrictions of no squatting, no climbing, no prolonged standing for more than 15 minutes, no bending, and no kneeling.

10. Plaintiff requested a reasonable accommodation from Defendant at that time, but Defendant stated that it was unable to accommodate Plaintiff.

11. Defendant could have accommodated Plaintiff's disability with a modified job.

12. From approximately August 16, 2003 to the present, Plaintiff has repeatedly requested a reasonable accommodation for her disability, and Defendant has repeatedly refused to accommodate Plaintiff, despite its ability to do so.

13. Defendant has also refused to engage in any interactive communication with Plaintiff to determine what it would need to do to accommodate Plaintiff.

14. Defendant defends its actions by stating that it would not provide Plaintiff with a reasonable accommodation because she was not hurt on the job. Defendant's reasoning is pretext.

15. Plaintiff filed an EEOC Complaint against Defendant on or about February 27, 2006 for failure to accommodate, disability discrimination, and retaliation in violation of the ADA.

16. Plaintiff was subsequently terminated on April 3, 2006.

17. Plaintiff was terminated in retaliation for filing an EEOC claim and for her requests for a reasonable accommodation.

18. Plaintiff subsequently amended her EEOC claim to include her termination.

19. On or around October 30, 2006, Plaintiff received a letter from Defendant stating that she had been misinformed about her employment status with Defendant and that in fact she had not been terminated on April 3, 2006.

20. Defendant claimed that it could not have terminated Plaintiff on April 3, 2006 because she had filed an EEOC claim. According to Defendant, it was prohibited from terminating Plaintiff during the investigation of an EEOC claim.

21. Also on October 30, 2006, Defendant informed Plaintiff that she was under investigation for "gross insubordination."

22. Subsequently, Plaintiff was terminated for a second time on or about November 17, 2006. A non-disabled person is now performing Plaintiff's modified job at the Robbins Clinic.

3

23. Plaintiff's second termination was in retaliation for her filing EEOC charges and for requesting a reasonable accommodation. It was also discriminatory in that the action was taken because Plaintiff is disabled.

24. Plaintiff is disabled in that she is substantially limited in walking, squatting, climbing, prolonged standing, bending, kneeling, and lifting heavy objects.

25. Plaintiff is a qualified person with respect to her employment in that, with a reasonable accommodation, she can perform the essential function of a job for her employer.

26. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest as permitted by law.

27. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to Plaintiff. Thus Plaintiff requests the assessment of punitive damages and/or liquidated damages against the Defendant in a sum as determined according to law and proof.

## COUNT I

### PLAINTIFF AGAINST DEFENDANT FOR VIOLATION OF THE ADA BY REFUSING TO PROVIDE A REASONABLE ACCOMODATION

28. Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

29. Plaintiff is disabled in that she is substantially limited in walking, squatting, climbing, prolonged standing, bending, kneeling, and lifting heavy objects.

30. Plaintiff is a qualified person with a disability in that Plaintiff can perform the essential functions of her job with a reasonable accommodation.

4

31. Defendant was able to provide a reasonable accommodation to Plaintiff but refused to do so.

32. Defendant's actions, as described above, are in violation of the ADA, as Defendant did not offer Plaintiff, a qualified individual with a disability, an available reasonable accommodation.

33. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT II

## PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINIATION IN VIOLATION OF THE ADA

34. Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

35. Plaintiff was within the protected category – disabled – in that she is substantially limited in walking, squatting, climbing, prolonged standing, bending, kneeling, and lifting heavy objects and/or Plaintiff was perceived by Defendant as being disabled.

36. Plaintiff was performing according to her employer's legitimate expectations.

37. Plaintiff was terminated twice because of her disability while similarly situated non-disabled persons were retained and/or hired at the time of Plaintiff's terminations who had the same position as Plaintiff.

38. Defendant's actions as described above are in violation of the ADA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her disability.

39. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT III

## RETALIATION IN VIOLATION OF THE ADA

40. Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

41. As alleged above, Plaintiff engaged in various protected activities as defined under the ADA.

42. As further alleged above, the Defendant has engaged in many acts of retaliatory actions which include continually refusing to provide Plaintiff with a reasonable accommodation although Plaintiff is a qualified employee, terminating Plaintiff although she was performing to her employer's legitimate expectations and

could continue to perform her job, and otherwise harassing Plaintiff in various ways designed to impede her ability to work for Defendant.

43. Defendant's actions, as described above, are in violation of the ADA, as the Defendant has engaged in acts of retaliation because of Plaintiff's engagement in protected activities.

44. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination and retaliation, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Arnita Clark, requests, the following relief on all her claims:

A. That the Defendant be required to pay to the Plaintiff back pay and front pay (where appropriate) with benefits and with interest, in amounts to be proven at trial.

B. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial.

C. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial.

    D.    That Plaintiff be granted pre-judgment interest in an amount to be ascertained.

    E.    That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, and litigation expenses.

    F.    That the Court grant such other and further relief as the Court may deem just or equitable.

By: *Meghan A. Gonnissen*
Meghan A. Gonnissen

ED FOX & ASSOCIATES
Attorney for Plaintiff
300 W. Adams St., Suite 330
Chicago, IL 60606
(312) 345-8877

8

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: *Meghan A. Gonnissen*
Meghan A. Gonnissen

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams St., Suite 330
Chicago, Illinois 60606
(312) 345-8877

9