UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ARNITA CLARK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 0179 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| COOK COUNTY d/b/a/ | ) | |
| OAK FOREST HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Arnita Clark ("Clark") filed a three-count complaint in which she alleged that defendant Cook County violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., by failing to provide a reasonable accommodation, by terminating her employment and by retaliating against her for filing a charge of discrimination. Before the Court is defendant's motion for summary judgment and defendant's motion to strike. For the reasons set forth below, the Court denies defendant's motion to strike. The Court grants defendant's motion for summary judgment.

## I.   Background

### a.   Motion to strike and evidence objections

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. As the Court notes on its website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails

to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth admissible evidence of her or its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. The Court enforces Local Rule 56.1 with respect to both parties regardless of whether either party moves to strike non-complying portions, because the purpose of the rule is to make *the Court's* job manageable, not to give litigants additional ammunition to use against one another.

Based on Local Rule 56.1, defendant moves to strike portions of plaintiff's response to defendant's statement of material facts. This is unnecessary. As the Court has already explained, it does not consider facts that do not comply with Local Rule 56.1. The Court need not take the time to strike that which it can simply ignore. The Court will not strike plaintiff's pleading, and defendant's motion to strike is denied.

Next, the Court considers the parties' evidentiary objections. In response to defendant's statement of facts, plaintiff objected to the admissibility of a number of defendant's exhibits. Specifically, plaintiff objects that defendant's exhibits 5, 6, 7, 11, 13, 14, 15, 17, 18 and 19 are inadmissible hearsay. Defendant failed to include an affidavit authenticating the documents and establishing how they come within an exception (such as the business record exception) to the hearsay rule. Accordingly, the Court sustains plaintiff's objections as to the admissibility of those exhibits. *See Woods v. City of Chi*, 234 F.3d 979, 988 (7th Cir. 2001) ("Normally, . . . at the summary judgment stage, a party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial."). The upshot is that defendant's fact paragraphs 17, 18, 26, 28, 29, 30, 33, 37, 38, 39, 40, 41, 42, 43,

48, 49 and 50 are not supported by admissible evidence and, hence, are not considered by the Court.

Defendant, too, objected to some of plaintiff's evidence. First, defendant objects, on the grounds of hearsay, to plaintiff's testimony that she was told by June Cole, defendant's director of rehabilitation services, that plaintiff could not be accommodated because she was not injured on the job. The objection is overruled. Admissions of party-opponents are not hearsay. *See* Fed. R. Evid. 801(d)(2). Thus, statements by defendant's employees that were made with respect to matters in the course of their employment and during the duration of their employment are not hearsay. *Id*. Next, defendant objects that plaintiff's exhibit L is hearsay and lacks foundation. The exhibit is a printout from a website that appears to be a tracking record for the United States Postal Service. No affidavit accompanies the exhibit. The objection is sustained.

### B.     Facts relevant to the motion

The following facts are undisputed unless otherwise noted.

Clark began working for Oak Forest Hospital in 1978 as a nurse's aide. Clark continued working as a nurse's aide until she was injured on the job in 1987 or 1988.

Clark returned to work after about four months. When she returned, she was under medical restrictions that prohibited heavy lifting and bending. The parties agree that Clark's restrictions were accommodated by placing her in a modified janitorial position. The parties disagree about where Clark worked from 1987 until 1998. Defendant asserts that Clark was a janitor at Oak Forest Hospital, and Clark asserts that she was a janitor at Robbins Health Center ("Robbins"). It does not matter. The parties agree that by 1998, Clark performed janitorial work at Robbins.

At Robbins, Clark's duties included emptying trash cans, cleaning sinks and filling paper towel holders and soap dispensers. Clark's official title was "building service worker" and her

wages were paid from Oak Forest's budget. While she worked at Robbins, Clark walked approximately three hours per day in fifteen minute intervals. The rest of the day she sat. By 1999, Dr. Jacqueline Marshall ("Dr. Marshall") served as Medical Director at Robbins. Dr. Marshall sometimes assigned Clark additional administrative tasks (such as answering telephones and filing records) because she felt Clark did not have enough to do. At some point (and it is not clear from the record when), Dr. Marshall stopped giving Clark the additional administrative tasks because she was told (by whom it is unclear) that the administrative tasks were required to be performed by someone with a different union classification.

In June 2002, Clark had knee-replacement surgery and was granted a medical leave. Since then, Clark has been permanently limited in her ability to walk, squat, climb, stand for prolonged periods of time, bend, kneel or lift heavy objects. The parties agree that Clark had a disability, for purposes of the ADA, by 2003.

This is where the record gets foggy, because the parties' fact statements omit details and because some of the parties' facts were not supported by admissible evidence.

While Clark was on medical leave, the cleaning contract at Robbins changed. Robbins replaced Clark's building services position with a day porter position filled by an outside contractor.

Oak Forest Hospital employed Dr. Andoh as director of employee health. Dr. Andoh was charged with helping to accommodate injured or disable employees. His practice, when an employee wanted to return to work with limitations or when an employee needed an accommodation, was to contact the employee's department head to determine whether the employee could be accommodated. If the employee could not be accommodated, the employee was placed on a medical leave of absence.

In August 2003, Clark attempted to return to work at Robbins. Clark worked for three days at Robbins in August 2003 and then was told she could not return to work. She was placed on medical leave. Clark kept trying to return to work for the next three years. On the following dates, Clark requested a reasonable accommodation so that she could return to work: August 27, 2003, September 5, 2003, January 20, 2004, March 5, 2004, March 11, 2004, June 9, 2004, September 29, 2004, November 15, 2004, January 21, 2005, June 21, 2005, December 2, 2005, December 12, 2005, December 28, 2005, January 31, 2006.

Each time Clark requested an accommodation, Dr. Andoh telephoned Dr. Marshall to ask whether Clark's restrictions could be accommodated. Dr. Marshall told Dr. Andoh that Clark could not return because she could not perform the functions of her old job. Dr. Marshall also informed Dr. Andoh that she did not need both Clark and the new day porter. Dr. Andoh also contacted Jack Daley, the department head of environmental services. Jack Daley told Dr. Andoh that Clark's restrictions could not be accommodated.

In December 2005, Clark visited June Cole, the director of rehabilitation services. Clark asked whether there were other jobs available that she could perform. Cole told Clark that she could not assist Clark in finding a new job because Clark was not injured at work.

During part of the time she was trying to return to work, Clark received disability benefits from the Cook County Pension Board. Her benefits had run out by April 2006.

On February 23, 2006, Clark filed with the Equal Employment Opportunity Commission a charge of discrimination. Defendant learned of the charge on March 13, 2006.

On April 3, 2006, Clark attended a meeting with Darlene Rockett ("Rockett"), director of labor relations, and Lori Jordan ("Jordan"), human resources director. Plaintiff asserts that she was discharged at this meeting. Defendant says she was not. At the meeting, defendant did not offer plaintiff a new job or an accommodation for her former position. Jordan testified that Cook

County's policy was not to terminate an employee while an EEOC charge was pending. On October 20, 2006, defendant received notice from the EEOC that it had issued Clark a notice of right to sue and had dismissed her charge.

On or about October 30, 2006, Clark received a letter from defendant. The letter stated that Clark had not, in fact, been discharged in April 2006. The letter said that defendant would be holding a termination hearing for Clark because she had failed to return to work and had been insubordinate. Clark's insubordination, according to Rockett, was that she was unable to perform the essential functions of her job. On November 3, 2006, Clark wrote a letter in response. In her letter, Clark stated that her "employment intentions are to return to the job I was doing prior to going on disability leave and prior to being terminated."

Defendant held the hearing on November 8, 2006, and Clark was represented by her union. At the hearing, Clark said she wanted to return to work in a position that would accommodate her.

Defendant terminated Clark's employment on November 17, 2006. Rockett made the decision. The termination paperwork states that Clark failed to bid on other positions and had, instead, assumed her employer would find her a position.

## II.     **Summary Judgment Standard**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an

element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

In her complaint, Clark asserts that Cook County violated the ADA in three ways. Clark alleges that Cook County failed to provide a reasonable accommodation. She alleges that Cook County discharged her because of her alleged disability. Finally, Clark asserts that Cook County discharged her in retaliation for her filing a charge of discrimination.

### A. Clark's failure to accommodate claim

The Americans with Disabilities Act makes it unlawful to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Included in the definition of discrimination under the ADA is "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(5)(A). In order to prevail on her failure to accommodate claim, a plaintiff must establish that: (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to provide a reasonable accommodation. *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

With respect to the third element, the ADA requires the individual and the employer to engage in an interactive process to determine a reasonable accommodation, and the employer is liable under the ADA only if it is responsible for the breakdown in the interactive process. *Sears, Roebuck*, 417 F.3d at 797.

The Court first considers whether plaintiff is a qualified individual with a disability. The parties agree that Clark has a disability, but that is not the end of the matter. The ADA protects only *qualified* individuals with a disability. The ADA defines a "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of the job are essential." 42 U.S.C. § 12111(8).

Clark argues that she could have performed the essential functions of her old building services position with or without a reasonable accommodation. This argument is a non-starter. The undisputed evidence is that the position was not available. While plaintiff was on medical leave, Cook County eliminated the position. A cleaning contract was changed and the work that Clark had performed before her knee surgery was now performed by an outside contractor. The ADA does not require an employer to create a position or to bump another individual to make room for an individual with a disability. *Hansen v. Henderson*, 233 F.3d 521, 523 (7th Cir. 2000) ("Firing a worker to make a place for a disabled worker is not a reasonable accommodation of the worker's disability. Nor must the employer manufacture a job that will enable the disabled worker to work despite his disability. That is, redundant staffing is not a reasonable accommodation." ) (internal citations omitted). Plaintiff makes much of the fact that

one of defendant's employees, Dr. Marshall, testified that had Clark been able to perform the duties, Dr. Marshall would have allowed Clark to return and then asked someone higher in the chain of command how to handle the fact that she had two workers for one job. But the fact that Dr. Marshall might have been willing to go the extra mile for a disabled employee does not mean the employer acted illegally when the employer did not go the extra mile. The law remains that the employer did not need to create a position for Clark or to bump another person.

The real question here is whether reassignment to a vacant position would have been a reasonable accommodation for plaintiff. Where an employee has expressed a willingness to perform another job (and here it is undisputed that plaintiff asked June Cole whether Cole could find her another job), "the employer has a duty under the Act to ascertain whether he has some job that the employee might be able to fill." *See Miller v. Illinois Dep't of Corrections*, 107 F.3d 483, 487 (7th Cir. 1997) (citing 42 U.S.C. § 12111(9)(B)).

In order to survive summary judgment, plaintiff must put forth evidence that "a vacant position exists for which [s]he was qualified." *Ozlowski v. Henderson*, 237 F.3d 837, 840 (7th Cir. 2001). "If such a position is available, then the court may consider whether 'failure to provide that accommodation was due to a breakdown in the interactive process." *Jackson v. City of Chi.*, 414 F.3d 806, 813 (7th Cir. 2005). If the plaintiff fails to establish that such a position was available, then "the breakdown of the interactive process would be academic." *Hansen*, 233 F.3d at 523. Here, plaintiff does not put forth any evidence of the existence of any vacant position, let alone a vacant position for which plaintiff was qualified.[1] Accordingly, plaintiff has

---

[1] In her statement of facts, plaintiff asserted that defendant had not provided any evidence of vacant positions. Plaintiff did not support the asserted fact with evidence, so the Court does not consider it. In any event, it was plaintiff's burden to prove that a vacancy existed. To do so,

-9-

failed to put forth sufficient evidence for a jury to find for plaintiff on her claim that defendant failed to provide a reasonable accommodation.

Defendant's motion for summary judgment on Count I is granted.

**B.     Clark's disparate treatment claim**

In Count II, Clark asserts that she was discharged because she is disabled. The ADA prohibits employers from discriminating "against a qualified individual with a disability because of [her] disability." 42 U.S.C. § 12112(a). A plaintiff may prove an ADA disparate treatment claim using either the direct or indirect method. *Timmons v. General Motors Corp.*, 469 F.3d 1122, 1126 (7th Cir. 2006). Under either method, a plaintiff must establish that she falls within the protection of the ADA by establishing that she is a qualified individual with a disability. *Timmons*, 469 F.3d at 1127.

Plaintiff has chosen to proceed under the direct method. Clark devotes a single paragraph of her brief to the disparate treatment claim. Clark argues that she was discharged because she could not return to work without a reasonable accommodation and Cook County failed to provide a reasonable accommodation. Repeating the argument that Cook County failed to provide a reasonable accommodation is not evidence that Clark was subjected to disparate treatment in violation of the ADA.

Clark has a more fundamental problem. Clark fails to establish that she is a qualified individual with a disability, because she fails to establish that she could perform the essential

---

plaintiff should have requested the information in discovery. If defendant failed to provide it, plaintiff should have moved to compel production. If defendant failed to comply with a court order compelling production, plaintiff should have asked for the fact to be deemed established as a discovery sanction. It is not enough merely to note in a statement of facts that the defendant did not provide evidence of facts plaintiff had the burden of proving.

functions of a job with or without a reasonable accommodation. As the Court explained above, Clark has failed to establish that there was a vacant position of which she could perform the essential functions with or without a reasonable accommodation. Accordingly, she cannot survive summary judgment on Count II.

Defendant's motion for summary judgment is granted with respect to Count II.

### C. Clark's retaliation claim

Next, Clark claims that defendant discharged her in retaliation for her filing a charge of discrimination with the EEOC. Clark may support her retaliation claim using either the direct or indirect method of proof. *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 686 (7th Cir. 2008). Clark asserts that she is proceeding only on the direct method.

To establish retaliation using the direct method, Clark must put forth evidence that she engaged in statutorily protected conduct, that she was subjected to an adverse employment action and that there is a causal connection between the two. *Gates*, 513 F.3d at 686. Evidence of a causal link is evidence that the "protected conduct was a substantial or motivating factor in the employer's decision." *Gates*, 513 F.3d at 686. In *Gates*, the Seventh Circuit found no direct evidence of a causal connection because nothing in the record suggested that the defendant was motivated by anything other than business judgment. *Id.* Similarly, in *Mannie v. Potter*, 394 F.3d 977, 983 (7th Cir. 2005), the Seventh Circuit affirmed summary judgment for the defendant where no record evidence suggested that plaintiff's supervisors viewed her EEOC charge negatively or that it caused them to take an adverse employment action against her.

Here, plaintiff argues that the timing of her discharge is suspicious. Plaintiff submitted evidence that defendant learned on March 13, 2006 about plaintiff's charge of discrimination and

discharged her on April 3, 2006 at a meeting. (Defendant argues that it did not discharge her until October 2006, but the Court does not resolve such disputes of fact on summary judgment.). "Evidence of temporal proximity, however, standing on its own, is insufficient to establish a causal connection for a claim of retaliation." *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008). Plaintiff argues that the plaintiff was allowed to stay on medical leave for years and only after she filed a charge of discrimination was she discharged. But the other thing that changed is that plaintiff's disability benefits ran out in April 2006, and plaintiff could not return to her old position, which had been contracted out. What plaintiff has put forth is not enough to create a triable issue on whether her supervisors viewed her EEOC charge negatively or caused them to take an adverse action against her. Accordingly, defendant is entitled to judgment as a matter of law.

Defendant's motion for summary judgment with respect to Count III is granted.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant's motion for summary judgment. Defendant is granted summary judgment on Counts I, II and III. The Court denies defendant's motion to strike.

ENTER:

George M. Marovich
United States District Judge

DATED: January 26, 2009